UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------

| | |
|---|---|
| LIVIA M. SCOTTO, | NOT FOR PUBLICATION |
| Plaintiff, | **MEMORANDUM & ORDER**<br>19-CV-2445 (MKB) |
| v. | |
| BASS AND ASSOCIATES, PATTI BASS, JEFFREY NOORDHOEK, NELNET INCORPORATED, WILLIAM MUNN, MICHAEL MUNN, MICHAEL DUNLAP, NELNET INC, OFFICE OF THE CHANCELLOR COUNTY OF MAUL, UNIVERSITY OF HAWAII, MAUI COMMUNITY COLLEGE, U.S. DEPARTMENT OF EDUCATION, OFFICE OF CIVIL RIGHTS, SEATTLE WASHINGTON, U.S. DEPARTMENT OF TREASURY, | |
| Defendants. | |

------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Livia M. Scotto, proceeding *pro se*, commenced the above-captioned action on April 11, 2019, against Defendants. (Compl., Docket Entry No. 1.) The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Memorandum and Order. For the reasons set forth below, the Court dismisses the Complaint.

I. Discussion

    a. **Standard of review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir.

2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a pro se complaint liberally"). Nevertheless, the court is required to dismiss *sua sponte* an *in forma pauperis* action if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

b.  **Plaintiff fails to state a claim**

The Complaint is incoherent and incomprehensible and fails to state a claim that may be remedied by this Court. There are no concrete allegations in the Complaint generally or against any of the named Defendants. The entire Complaint appears to be comprised of excerpts and attachments, including one referencing Air Portugal's General Conditions of Carriage, a fax transmission report to the U.S. Consul in Florence, Italy seeking documents, and an excerpt from a decision in a case no longer pending in the Eastern District of New York, *Schenker AG v. Societe Air France, et al.*, No. 14-CV-4711 (E.D.N.Y. Dec. 7, 2017). (*See generally* Compl.)

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and that "[e]ach averment of a pleading shall be simple, concise, and direct," Fed. R. Civ. P. 8(e)(1). Dismissal of a complaint is appropriate where the complaint is "so confused,

ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Whitfield v. Johnson*, 763 F. App'x 106, 107 (2d Cir. 2019) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Even under the most liberal reading of the Complaint, the Court cannot discern any legally cognizable harm that Plaintiff has suffered. *See Trice v. Onondaga Cty. Justice Ctr.*, 124 F. App'x 693, 694 (2d Cir. 2005) (affirming the district court's dismissal where the plaintiff's second amended complaint was "incomprehensible, incomplete and technically deficient, consisting of one, rambling paragraph" and "containing over 550 lines . . . [of] incoherent allegations"). Accordingly, the Court dismisses the Complaint.

### c. The Court declines to afford Plaintiff an opportunity to amend the Complaint

While the Court would ordinarily allow Plaintiff to amend her Complaint to cure the identified deficiencies, any amendment in this case would be futile and "[l]eave to amend may properly be denied if the amendment would be futile . . . ." *Russell v. Aid to Developmentally Disabled, Inc.*, 753 F. App'x 9, 15 (2d Cir. 2018) (citing *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012)).

In addition to the incoherent nature of Plaintiff's Complaint, Plaintiff has a long history of filing similar actions in other courts. Indeed, Plaintiff has filed over fifty cases in federal courts. *See, e.g.*, *Scotto v. M. Dyer & Sons*, No. 18-CV-1665, 2018 WL 4760791, at *1 (M.D. Fla. Aug. 7, 2018) (dismissing Plaintiff's complaint because she "failed to provide a basis for jurisdiction, a statement of the claim, or a statement regarding damages or relief"); *Scotto v. Foster*, No. 18-CV-1666, 2018 WL 8584157, at *1 (M.D. Fla. July 27, 2018) (finding that Plaintiff's complaint consisting of a "cover sheet that appends a seemingly random assortment of other unexplained documents" did not comply with the Federal Rules of Civil Procedure); *Scotto*

3

*v. McClean*, No. 17-CV-2730, 2018 WL 1886568, at *2 (M.D. Fla. Jan. 30, 2018) (dismissing Plaintiff's second amended complaint because her "allegations [were] disorganized, confusing, and repetitive, and [were] not relevant to any cause of action"); *Scotto v. CUC Int'l*, No. 07-CV-00213, 2007 WL 1341183, at *1 (D. Haw. May 3, 2007) (dismissing Plaintiff's complaint because the court could not "understand the . . . claims" since the allegations were "incomprehensible" and did not "create[] any factual basis for an actionable claim against any named defendant). Plaintiff is also the subject of several filing injunctions in various courts. *See, e.g.*, *In re Livia M. Scotto*, No. 18-MC-62 (M.D. Fla. Aug. 6, 2018); *Scotto v. USA*, No. 16-CV-9125 (S.D.N.Y. Jan. 30, 2017); *In re Livia M. Scotto*, No. 11-MC-302 (D. Haw. Dec. 14, 2011).

Based on the incomprehensible nature of the Complaint before this Court, as well as Plaintiff's litigation history, the Court finds that any amendment would be futile and denies Plaintiff leave to amend. *See Clifton v. Office of Temp. Disability Otda*, No. 15-CV-6806, 2016 WL 482021, at *2 (E.D.N.Y. Feb. 4, 2016) ("Whereas ordinarily the [c]ourt would allow [the] plaintiff an opportunity to amend . . . it need not afford that opportunity here where it is clear from plaintiff's submission and prior litigation history with the [c]ourt that he cannot state a plausible claim for relief. As such, any attempt to amend . . . would be futile."); *see also Glass v. U.S. Presidents since 1960*, No. 17-CV-3141, 2017 WL 4621006, at *4 (E.D.N.Y. Oct. 12, 2017) (finding that the plaintiff's amended complaint rose "to the level of irrational," and declining to afford the plaintiff an opportunity to further amend her complaint "given that the deficiencies therein [were] not such that could be cured by amendment").

## II. Conclusion

For the reasons set forth above, the Court dismisses the Complaint. Plaintiff is cautioned

4

that this Court will not tolerate frivolous litigation and that she may be subject to a filing injunction should she continue to file similar actions in this Court. *See Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: July 26, 2019
      Brooklyn, New York

                                      SO ORDERED:

                                        s/ MKB
                                      MARGO K. BRODIE
                                      United States District Judge